IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IDA SIMPSON,

                Plaintiff,                CV-05-638-ST

      v.                             FINDINGS AND
                                           RECOMMENDATION
HOUSING AUTHORITY OF THE COUNTY OF
LAKE,

                Defendant.

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff Ida Simpson, appearing *pro se*, has filed an application to proceed *in forma pauperis* (docket #1). Her application reveals that she is not employed, receives disability payments, and has limited assets. Hence, plaintiff cannot afford the costs of this proceeding. However, even if plaintiff does qualify for *in forma pauperis* status, for the reasons set forth below, plaintiff's Complaint should be dismissed for lack of jurisdiction with leave granted to replead.

1 - FINDINGS AND RECOMMENDATION

**STANDARDS**

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F3d 1273, 1274 (9th Cir 1993), quoting *Hishon v. King & Spalding*, 467 US 69, 73 (1984); *Tanner v. Heise*, 879 F2d 572, 576 (9th Cir 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F2d at 576.

Federal courts are courts of limited jurisdiction and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Under Rule 12(h) of the Federal Rules of Civil Procedure, this court is required to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." *Augustine v. United States*, 704 F2d 1074, 1077 (9th Cir 1983).

**DISCUSSION**

**I. Subject Matter Jurisdiction**

According to the Civil Cover Sheet, plaintiff claims jurisdiction in this court based on a federal question. That basis for jurisdiction arises under 28 USC § 1331 which grants federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States."

Plaintiff's Complaint alleges that because "of the drastic action taken by the Illinois Lake County Housing Authority," it is "difficult or impossible to obtain permanent housing." As a result, she asks the court "to consider dismissal of this debt because of hardship incurred from excessive hotel fees." Based on the exhibits attached to the Complaint, the debt to which plaintiff refers apparently is a Judgment against her for $1,184.50 obtained by the Lake County Housing Authority on December 1, 2003, in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, in connection with an Forcible Entry and Detainer action to evict plaintiff.

Plaintiff appears to request this court to set aside a state court judgment entered against her. To the extent that plaintiff is attempting to relitigate a judgment entered against by a state court, her claim is most likely barred because a litigant may not relitigate in federal court those issues decided by a state court. "[I]ssues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 US 75, 83 (1984).

Even though a state court judgment may erroneously decide constitutional or federal law issues, this court lacks jurisdiction to engage in appellate review of that judgment. *Texaco, Inc. v. Pennzoil Co.*, 784 F2d 1133, 1141 (2nd Cir 1986), *rev'd on other grounds*, 481 US 1 (1987). "If the constitutional claims presented to a United States District Court are inextricably intertwined" with the merits of a judgment rendered in a state court proceeding, "then the District Court is in essence being called upon to review the state court decision. This the District court may not do." *Dist. of Columbia Court of Appeals v. Feldman*, 460 US 462, 483 n16 (1983). A claim is:

> inextricably intertwined with the state-court judgment if the federal claim
> succeeds only to the extent that the state court wrongly decided the issues
> before it. Where federal relief can only be predicated upon a conviction
> that the state court was wrong, it is difficult to conceive the federal
> proceeding as, in substance, anything other than a prohibited appeal of
> that state-court judgment.

*Pennzoil Co. v. Texaco, Inc.*, 481 US 1, 25 (1987) (Marshall, J., concurring); *accord Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F3d 508, 512 (8th Cir 1999) ("A federal claim is inextricably intertwined with a state court judgment when "the relief requested in the federal action would effectively reverse the state court decision or void its ruling").

As explained by the Ninth Circuit:

> [f]aced with the task of deciding our power to review constitutional issues
> which arise from a state court proceeding, we view the res judicata
> requirement of full and fair opportunity to litigate, and the *Feldman*
> 'inextricably intertwined' barrier as two sides of the same coin. Under the
> rubric of either 'jurisdiction' or 'res judicata,' the crux of the question is
> whether there has already been actual consideration of and a decision on
> the issue presented. If consideration and decision have been
> accomplished, action in federal court is an impermissible appeal from the
> state court decision. If no consideration has been given, or any decision
> on the matter is ambiguous, it is unlikely that the issues presented to the
> state high court and to the federal court are so 'inextricably intertwined'
> that the federal court cannot take jurisdiction. Nor is it likely that there
> will have been a full enough and fair enough opportunity for litigation to
> warrant the claim preclusive effect of res judicata.

*Robinson v. Ariyoshi*, 753 F2d 1468, 1472 (9th Cir 1985), *vacated on other grounds*, 477 US 902 (1986) (citations omitted), quoted and cited with approval in *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F3d 1096, 1103 (9th Cir 2003).

Therefore, if plaintiff seeks to discharge a judgment entered by a state court in Illinois, then her proper course of action was to timely file an appeal in the Illinois state court system and then appeal to the United States Supreme Court. This court can only redetermine issues decided

4 - FINDINGS AND RECOMMENDATION

in a state court proceeding "if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.'" *Haring v. Prosise*, 462 US 306, 317-18 (1983), quoting *Montana v. United States*, 440 US 147, 164 n 11 (1979). In other words, plaintiff may litigate issues previously decided in state court only by challenging the "quality, extensiveness, or fairness" of the procedures followed in state court. It is far from clear from the allegations in the Complaint that this is, or even could be, the basis for plaintiff's claim. Therefore, as presently pled in the Complaint, this court has no federal question jurisdiction over plaintiff's claim.

Another basis for jurisdiction in this court is diversity of citizenship between the parties under 28 USC § 1332. That statute requires that the parties be citizens of different states and that the amount in controversy exceed the sum of $75,000.00, exclusive of interest and costs. According to her address, plaintiff resides in, and presumably now is a citizen of, the State of Washington, and defendant is located in the State of Illinois. However, plaintiff does not allege that the amount in controversy exceeds the sum of $75,000.00. To the contrary, the Civil Cover Sheet states that the amount requested in the Complaint is $1,184.60. Accordingly, this court has no diversity jurisdiction over plaintiff's claim.

The Complaint fails to reveal any other basis for jurisdiction. As a result, plaintiff should be required to amend her Complaint in this court within 30 days to state a claim arising under federal law.

## I. **Personal Jurisdiction**

In addition, this court apparently lacks personal jurisdiction over defendant. Defendant is an Illinois entity and its actions giving rise to plaintiff's claim occurred in Illinois.

Whenever a judgment is sought against a defendant personally, such as for money damages or an injunction, the court must have personal jurisdiction over the defendant. Plaintiff has the burden to allege and prove sufficient facts to establish personal jurisdiction over defendants. *Brainerd v. Governors of the Univ. of Alberta*, 873 F2d 1257, 1258 (9th Cir 1989). "[A] federal district court can assert personal jurisdiction to the extent authorized by a particular federal statute governing service of process for the action being heard or, where no such particularized statute applies, to the extent authorized by the law of the state in which the district court sits." *T.M. Hylwa, M.D., Inc. v. Palka*, 823 F2d 310, 312 (9th Cir 1987). Since there is no particular federal statute which governs service of process for the action alleged here, Oregon law applies.

Oregon permits a court to exercise jurisdiction over any party so long as "prosecution of the action against a defendant in this state is not incon−sistent with the Constitution of this state or the Constitu−tion of the United States." ORCP 4L. Oregon's long-arm statute is coextensive with the limits of federal due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F2d 758, 760 (9th Cir 1990). Thus, plaintiff must establish that jurisdiction is proper under Oregon's long arm statute and that it comports with the requirements of due process. *Lake v. Lake*, 817 F2d 1416, 1420 (9th Cir 1987).

A federal court can exercise general personal jurisdiction as to persons domiciled within the forum state at the time the action is commenced. *Milliken v. Meyer*, 311 US 457 (1940). In other words, this court has personal jurisdiction over residents of the state of Oregon.

With respect to a defendant who does not reside in Oregon, plaintiff must allege and prove this court has either general jurisdiction or specific jurisdiction over that defendant.

6 - FINDINGS AND RECOMMENDATION

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F2d 834, 839 (9th Cir 1986). General jurisdiction exists when a defendant has "continuous and systematic" or "substantial" contacts with the forum state. *British American Ins. Co.*, 828 F2d at 1442; *Lake*, 817 F2d at 1420. To establish specific jurisdiction, a three-part test must be satisfied: "1) the nonresident defendant must have <u>purposefully availed</u> himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must <u>arise out of</u> or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be <u>reason–able</u>." *Roth v. Garcia Marquez*, 942 F2d 617, 620-21 (9th Cir 1991) (emphasis in original). The plaintiff must establish each of these factors for jurisdiction to lie. *McGlinchy v. Shell Chem. Co.*, 845 F2d 802, 817-l8 n 10 (9th Cir 1988); *see also Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F2d 1392, 1397 (9th Cir 1986) (plaintiff bears burden of proving jurisdiction).

In other words, plaintiff's claims against nonresident defendants must arise out of their activities in Oregon. In the absence of any attempt to show that such defendants purposefully availed themselves of the privilege of conducting activities in Oregon, claims against such defendants must be dismissed for lack of personal jurisdiction. *See, e.g., Sher v. Johnson*, 911 F2d 1357, 1361 (9th Cir 1990).

Because defendant has no contact with Oregon and plaintiff's claims against it arise out of activities in Illinois, the Complaint also should be dismissed for lack of personal jurisdiction.

## **RECOMMENDATION**

Based on the foregoing, plaintiff's application to proceed *in forma pauperis* (docket #1) should be denied and the Complaint should be DISMISSED without prejudice. Plaintiff should be allowed 30 days to file an amended complaint, containing a short and plain statement of her

claim against the defendant and the basis for subject matter and personal jurisdiction. Plaintiff is advised that failure to file an amended complaint will result in the dismissal of this proceeding for lack of prosecution.

## SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due **June 17, 2005.** If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

A failure to timely file objections to any of these findings will be considered a waiver of plaintiff's right to *de novo* consideration of the factual issues and will constitute a waiver of plaintiff's right to appellate review of the findings of fact in any order or judgment entered by the district court.

## NOTICE

This Recommendation is not is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

DATED this 31st day of May, 2005.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge